WATKINS *v.* BRUNT ET AL.

PLEADING.—*Exhibits.*—Where a written instrument, made an exhibit to a complaint, does not constitute the foundation of the action, it cannot supply necessary averments of the complaint, or be noticed as a part thereof.

SAME.—*Action to Quiet Title.*—*Recording of Mortgage.*—*Subsequent Purchaser.* A complaint to quiet title to real estate alleged, that an owner thereof conveyed it with full covenants to the plaintiff and put him in possession thereof; that the defendant was asserting title thereto through a subsequent conveyance thereof to him made by the governor in pursuance of a sale by the auditor of state under a mortgage of said real estate executed to the treasurer of state by one who owned it before the plaintiff's grantor became such owner; that though said mortgage had been recorded in the county, before the plaintiff's grantor became the owner of the real estate, yet it had never been acknowledged by the mortgagor, nor was its execution ever proved, to entitle it to be recorded; and that the plaintiff had no notice of said mortgage until after said sale and conveyance to the defendant. Prayer, that the plaintiff's title be quieted, etc.

*Held*, that the complaint was sufficient.

From the Morgan Circuit Court.

*W. R. Harrison* and *W. S. Shirley*, for appellant.

*C. F. McNutt* and *G. W. Grubbs*, for appellees.

BIDDLE, J.—The appellant brought his complaint against the appellees, in which he alleges the following facts:

That on the 2d day of March, 1836, John Parker was the owner and seized of certain lands, describing them, and by an instrument in writing, made an exhibit, pretended to assign said lands (with others) to N. B. Palmer, treasurer of the State, to secure a loan of four hundred dollars, made to him by Palmer as said treasurer, which instrument was recorded in said county on the —— day of ————, 1836;

that afterwards, William W. Wilson became the owner of said lands by purchase for a valuable consideration, took possession of and occupied the same, to wit, twenty years, until the —— day of ———, 1871, when, in consideration of four thousand dollars, paid to him by the appellant, Wilson and wife conveyed the same to him with full covenants, and put him in possession thereof; that at the time of the purchase, he had no notice of the mortgage from Parker to Palmer aforesaid; that Wilson at the time was solvent, having an estate of the value of twenty thousand dollars, but afterwards became insolvent; that in 1873, the Governor of Indiana, Thomas A. Hendricks, conveyed the lands to the ‚appellees in pursuance of a sale made by the Auditor of State, making a copy of the conveyance an exhibit, which conveyance the appellees caused to be recorded amongst the records of deeds in said county, and since then give it out to be known that they claim the land; until which time the appellant had no notice of Parker's pretended mortgage to Palmer, and upon such notice, at once tendered to the appellees five hundred and sixty-five dollars, being the amount they had paid for the land, with ten per cent. interest thereon, and brought the money so tendered into court; that the "assignment and transfer" to Palmer by Parker was illegal and void, because it had never been acknowledged by Parker, nor its execution ever proved, to entitle it to be recorded as averred; that the sale by the auditor and the conveyance by the governor create a cloud upon his title; etc., all of which is fully and specifically averred, with time, place, etc.    Prayer, that the appellant be decreed the owner in fee simple of the land; that Parker's "assignment and transfer" to Palmer and the auditor's sale and governor's conveyance be declared void; that the appellees be enjoined from setting up title to the land; and for general relief.

The appellees filed a demurrer to the complaint, alleging the insufficiency of the facts charged, as cause.    The demur-

rer was sustained. The parties stood by their pleadings, and the court rendered judgment for the appellees. Appeal. The errors assigned present the single question of the sufficiency of the complaint.

It is conceded by the appellees that the mortgage made by Parker to Palmer, Treasurer of State, not having been acknowledged or proved, was not entitled to record in Morgan county, and the fact that it was so recorded is not notice to a subsequent purchaser in good faith; but they contend that the mortgage was given to secure a loan from the school fund, and is, therefore, not subject to the general law requiring deeds and mortgages to be recorded in the county where the land lies; and that the record and proceedings in the auditor of state's office, in reference to such mortgages, amounts to constructive notice to all subsequent purchasers. The latter proposition is opposed by the appellant; and upon this controversy the parties have prepared elaborate briefs; but we cannot perceive that there is any such question presented by the pleadings. There is nothing before us but the complaint. Neither the mortgage, made by Parker to Palmer, nor the conveyance, made by the governor to the appellees, are properly exhibits. The action is not founded upon these written instruments, 2 G. & H. 104, sec. 78; it is brought to destroy them, and they need not, therefore, be filed with the complaint (*Vanschoiack* v. *Farrow*, 25 Ind. 310), and, when filed, do not supply the necessary averments in the pleading (*Knight* v. *The Flatrock, etc., Turnpike Co.*, 45 Ind. 134), and in this case cannot be noticed as a part of the complaint. *Trueblood* v. *Hollingsworth*, 48 Ind. 537. There is no averment that the mortgage made by Parker was given to secure a loan from the school fund, as is assumed by the appellees in their brief, nor from the saline fund, as seems to be admitted by the appellant, nothing, except that it is payable to the treasurer of state, to show us that it is different from any ordinary mortgage between individuals. The complaint on its face shows a good title in the appellant, derived from Wilson, and

shows a title in the appellees, which they insist upon assert-ing, derived from a sale subsequently made, under the mort-gage executed by Parker, which was not constructive notice to the appellant, and of which, as it is averred, he had no actual notice, with a prayer for proper relief. It seems to us that these averments make a good complaint. *McMannus* v. *Smith*, below on this page. It might be remarked that it shows no connecting link of title between Parker and Wilson, though both parties seem to treat it as if it contained such an averment. Doubtless, the pleader might have averred all the facts in the complaint necessary to present the ques-tions which the parties have discussed in their briefs by demurrer; and doubtless, the same questions may be raised by alleging the proper facts in an answer; but it is certain that the questions discussed are not before us on the face of the complaint. The complaint, as it stands, is good, for the reasons above mentioned.

The judgment, therefore, is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings.