Walter *v.* Hartwig *et al.*

Filed April 2, 1886.

—————————◈—————————

No. 12,414.

WALTER *v.* HARTWIG ET AL.

INJUNCTION.—*Cancellation of Instrument Illegally Recorded.*—*Removal of Cloud on Title.*—The owner of real estate may maintain an action to cancel the record of an agreement, not acknowledged and not entitled to be recorded, which casts a cloud on his title, and to enjoin the person so causing it to be recorded from setting up any claim to the real estate.

QUIETING TITLE.—*Executory Contract.*—*Performance.*—*Answer.*—To a complaint by the owner of real estate to cancel the record of an instrument casting a cloud upon his title, an answer which, after admitting that said instrument was not entitled to be recorded, alleges that the plaintiff had full knowledge of defendant's rights when the real estate was conveyed to him, and that defendant was ready to fulfil his part of the contract contained in said instrument, but which fails to aver that he did perform it, is insufficient.

SAME.— *Vendor and Purchaser.—Notice.*—Where it affirmatively appears that one of the parties to an executory contract for the sale of real estate can not perform his part of the contract, he can not prevent the sale and conveyance of the real estate to one who has knowledge of such contract.

CONTRACT.— *May be Valid though not Entitled to Record.*—An instrument or agreement may be valid between the parties and those having actual notice, though not entitled to be admitted to record.

SAME.—*Actual Notice of Recorded Instrument.*—An instrument, not entitled to go upon record, is not constructive notice although recorded; but to one who has actually seen it of record it will constitute notice.

From the Allen Superior Court.

*T. E. Ellison,* for appellant.

*R. S. Robertson* and *J. B. Harper,* for appellees.

ELLIOTT, J.—The appellee Hartwig alleges in the first paragraph of his complaint, that he is the owner of the real estate therein described; that the appellant has caused to be recorded an agreement executed to him by Mary Beuret and John B. Beuret, wherein they agreed, in consideration of the promise of the appellant to do certain acts, to convey to him the real estate; that the agreement was not acknowledged and was not entitled to be recorded, and that it clouds the appellee's title.

The second paragraph of the complaint alleges the same facts as the first, and, in addition, avers that the appellant did not perform the acts which he undertook to perform. Prayer that the record of the instrument be cancelled, and that the appellant be enjoined from setting up any claim to the real estate.

We think that the complaint is good. The appellant disobeyed the positive command of the law in causing the instrument to be placed on record, and the appellee certainly has a right to have the illegal act annulled. A void act may create such a cloud upon an owner's title as to entitle him to relief, so that, although the recording was void, the appellee has a right to have the record cleared of all embarrassing entries. *Bishop* v. *Moorman,* 98 Ind. 1 (49 Am. R. 731), and

authorities cited; *Petry* v. *Ambrosher*, 100 Ind. 510; *Thomas* v. *Simmons*, 103 Ind. 538, p. 545; *Hobbs* v. *Board, etc.*, 103 Ind. 575.

The answer sets forth the instrument set out in the complaint, and alleges that at the time it was executed Mary Beuret was the owner of the real estate; that at all times the defendant "has been ready to fulfil his part of said contract; that he prepared the petition as stipulated in said contract and would long ago have presented the same to the common council had not the said Beurets requested him to defer the same until the latter part of the present September in the present season, when they expected to have the means necessary to pay the costs thereof; that the plaintiff, conspiring with the Beurets and others to cheat and defraud this defendant, and with full knowledge and actual notice of said contract and the defendant's rights thereunder, which notice he had prior to the purchase of said property, prevailed upon the said Beurets to violate their contract with this defendant and convey the property to him." The contract referred to in the pleadings reads thus:

" It is hereby agreed by and between Mary Harriet Beuret and John B. Beuret, her husband, of Fort Wayne, Allen county, and State of Indiana, party of the first part, and Charles W. Walter, also of said county and State, party of the second part,

" Witnesseth: That for and in consideration of the conveyance by said party of the second part, to said party of the first part, lot 46 in Levi M. Jones' subdivision of the south ten (10) acres east of Spy Run avenue, lot one (1) Wells' pre-emption, in township 30 north, of range 12 east, 2d P. M., and assuming to pay five hundred dollars ($500) of a certain mortgage held by Caroline Stafford, on lot 25, Hanna's addition to said city, now owned by said parties of the first part; and the further consideration of the services of said party of the second part in procuring and petitioning the council of said city to close the alley between said lot 25,

Hanna's addition, and lot 24 in the same addition, the said parties of the first part agree to convey, by good and sufficient deed, thirty-five feet (35) off of the west side of said lot 25, Hanna's addition to said city. They, the said first parties, further agree to furnish said second party an abstract of title to said lot 25."

The answer is bad. It assumes to be an affirmative plea, confessing and avoiding the plaintiff's cause of action, but it confesses without avoiding. It admits that the instrument was not entitled to be recorded, and thus concedes a *prima facie* cause of action; this *prima facie* cause of action it does not avoid, because it fails to aver that the defendant did perform the acts which he undertook to perform. It is true that the answer avers that he was ready to fulfil his part of the contract, but it does not aver that he did perform it. For anything that appears, the contract may yet be unperformed on his part. In such a case as this, where the rights of a third party have intervened, it is necessary for the defendant to show such an equity as will defeat that party's right to have his title cleared of clouds.

The counter-claim sets forth the same contract as that referred to in the complaint and answer, and avers "That immediately after the execution of said contract, he prepared a petition to the common council of said city, praying for the vacation and closing of said alley; that he requested other parties interested to sign the same; that they refused so to do till the month of September, 1884, which fact he reported to said Beurets, and the presenting of said petition to said common council was, at their request and because of the refusal of said parties to sign, postponed till October, 1884. And he further avers that with full knowledge and actual notice of this cross complainant's rights and of said contract, the said Hartwig, confederating and conspiring with others, and with said Beurets, entered in some agreement in fraud of cross complainant's rights, by which said Beurets conveyed said lot 25 to said Hartwig on the 26th day of August, 1884. And he

further says that he thereupon had executed a good and suffi-
cient warranty deed of said lot 46, in said Levi M. Jones' sub-
division, to said Beurets, sufficient to convey the same to them
as in said contract provided, and offered by a written agree-
ment in writing to assume and pay said sum of $500 of said
Stafford mortgage, with interest thereon at the same rate pro-
vided in said mortgage, or to pay said sum in cash, with in-
terest thereon at the same rate from said 13th of March, 1884.
That he offered to deliver such a deed and assume or pay said
sum as above to said Hartwig on the 13th day of September,
1884, and said Hartwig refused to accept the same, and de-
nied this plaintiff's rights in said property under said con-
tract, and refused to execute to this plaintiff any conveyance
of said west thirty-five feet of said lot 25 if he should com-
ply with his part of said contract, or to convey the same as
said Beurets were in duty bound to do.   And he further says
that when, on the 18th of September, 1884, he tendered said
deed and promised to assume said mortgage or pay said sum
of money to said Beurets, they declined and refused to carry
out said contract as agreed by them.   And he further avers
that said Beurets have at no time offered to rescind said con-
tract, or made any demand of this plaintiff to comply with
the same, nor have they at any time prepared and shown, or
offered to show, this plaintiff an abstract of the title to said
lot 25, nor have they in any manner offered to comply with
said contract.   And this plaintiff now brings into court said
deed of said lot 46 and his said written promise to assume
said mortgage to said Caroline Stafford."

We do not agree with appellee's counsel that the instru-
ment executed by Mary and John B. Beuret is void, for we
do not understand that an instrument is without effect unless
it is recorded. On the contrary, we think it well settled that
an instrument may be valid between the parties and those
having actual notice, although it is not entitled to be admitted
to record.

We agree with appellee's counsel that an instrument, not

entitled to go upon record, is not constructive notice although recorded.   *Reeves* v. *Hayes*, 95 Ind. 521, p. 531 ; *Watkins* v. *Brunt*, 53 Ind. 208 ; *Taylor* v. *City of Fort Wayne*, 47 Ind. 274; *Kennedy* v. *Shaw*, 38 Ind. 474; *Lockwood* v. *Slevin*, 26 Ind. 124; *Deming* v. *State, ex rel.*, 23 Ind. 416 ; *Reed* v. *Coale*, 4 Ind. 283.

But we do not agree that such an instrument may not impart actual notice to one who has seen it of record, for the law is that if the purchaser does actually see the instrument of record, it constitutes notice.   *Musick* v. *Barney*, 49 Mo. 458; *Hastings* v. *Cutler*, 24 N. H. 481; *Gilbert* v. *Jess*, 31 Wis. 110; *Musgrove* v. *Bonser*, 5 Oregon, 313 (20 Am. R. 737).   It is difficult to imagine any reason why this should not be the law, since it is immaterial where the purchaser sees the instrument, whether on the record or elsewhere.

We regard the counter-claim as bad, for the reason that it does not show that the appellant had performed his part of the contract.   He undertook to procure the vacation of an alley, and this, as the answer discloses, he failed to do, for it appears, not only that he did not secure the vacation, but that he can not do so, for the reason that some of the adjacent property-owners have refused to consent to such vacation. As it affirmatively appears that they have actually refused to consent, it can not be presumed that they will ever consent. The appellant is, therefore, not in a situation to prevent the appellee's grantors from disposing of their property.   It would be unjust to permit a purchaser under an executory contract to tie up the right of disposition, when he is himself unable to perform his part of the contract.

The epithets cast into the counter-claim are mere empty words, adding no strength to the pleading.   Epithets can not supply the place of facts.

Judgment affirmed.

Filed April 2, 1886.