[No. 11972.    Department Two.—April 24, 1889.]

## OAKLAND PAVING COMPANY, RESPONDENT, *v.* ALFRED BARSTOW, ET AL., APPELLANTS.

CONSTITUTIONAL LAW — OBLIGATION OF CONTRACTS — STREET IMPROVEMENT — EXTENSION OF TIME.— A contract for a street improvement made before the constitution of 1879 went into effect was not impaired or affected by its provisions, and the granting of an extension of time for the performance of such contract before the time of performance had elapsed by its original terms is not a new contract.

ID. — CHARTER OF OAKLAND — POWER TO EXTEND TIME TO CONTRACTOR FOR STREET WORK — MAXIM. — Section 6 of the Oakland street law (Stats. 1863–64, p. 133), which provides that the "marshal shall fix the time for the commencement of the work under all contracts entered into by him, which work shall be prosecuted with due diligence from day to day thereafter to completion, and may extend the time so fixed, from time to time,

under the direction of the city council," does not limit the power to extend time merely to the time fixed for the commencement of the work; and it would be straining the maxim, *Expressio unius*, etc., to make it require such limitation of power, especially when the grant to the marshal and council, by other provisions of the charter of the most plenary general powers over street work, clearly includes the power to extend the time for completion of contracts for such work.

APPEAL from a judgment of the Superior Court of the county of Alameda, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. H. Brewer,* and *A. L. Rhodes,* for Appellants, cited Const. of 1879, art. 11, sec. 19; art. 30, sec. 1; Stats. 1863-64, p. 335; maxim, *Expressio unius est exclusio alterius;* Cooley on Taxation, pp. 418, 464; Dillon on Municipal Corporations, sec. 55, and notes; *Alameda Macadamizing Co.* v. *Williams,* 70 Cal. 534; *Taylor* v. *Palmer,* 31 Cal. 246; *Turney* v. *Dougherty,* 53 Cal. 620.

*J. C. Martin,* and *C. T. H. Palmer,* for Respondent.

The new constitution did not affect the contract made before it took effect. The contract was to be pursued throughout under the sole purview of the law which entered into it at the time of its making. (*Mechanics' etc. Bank* v. *Thomas,* 18 How. 384; *White* v. *Hart,* 13 Wall. 647; Pomeroy's Constitutional Law, sec. 594; *People's Savings Bank* v. *Tripp,* 13 R. I. 622; 2 Story on Constitution, sec. 1384; *Robinson* v. *Magee,* 9 Cal. 84; 70 Am. Dec. 638; *People* v. *Bond,* 10 Cal. 570-572; *Creighton* v. *Pragg,* 21 Cal. 119; *Houston* v. *McKenna,* 22 Cal. 554; *Dyer* v. *Pixley,* 44 Cal. 153; *McCauley* v. *Brooks,* 16 Cal. 31.) The council and marshal have full authority over the extension of time. (*Conlin* v. *Seamen,* 22 Cal. 549; *Houston* v. *McKenna,* 22 Cal. 553.)

McFARLAND, J.—This is an action brought by a contractor to enforce a lien for street work done in the city

of Oakland. Judgment went for plaintiff, and defend-
ants appeal from the judgment, and from an order deny-
ing a new trial.

The contract was entered into between the plaintiff
and the city marshal in December, 1879. A time for
the completion of the work was mentioned in the con-
tract. This time was extended (or attempted to be ex-
tended) twice during the year 1880 by the city council
and marshal. The work was completed within the time
as extended, but not within the time originally men-
tioned in the contract. Appellants' main contentions
are: 1. That after January 1, 1880, when the new con-
stitution went into full effect, there was no power in the
city, or any of its officers, to extend the time for the
completion of street work; 2. That under the city char-
ter itself neither the city council nor marshal, nor both,
had power to grant such extension; and 3. That no such
extension was ever actually given.

1. As the contract was made before January, 1880, it
was not impaired or affected by the new constitution.
The granting of the extension of time was not a nova-
tion or new contract; it was merely a pursuance of the
original contract under rights existing by virtue of the
law under which it was made. The extensions were
made before the original time, or the time given in the
first extension, had elapsed. The case of *German Sav-
ings Bank* v. *County of Franklin*, 128 U. S. 526, cited
by appellants, differs in many respects from the case
at bar.

2. The contention that the charter gives no power to
extend the time for the completion of a contract rests
(in addition to the claim that *Conlin* v. *Seamen*, 22 Cal.
547, and *Houston* v. *McKenna*, 22 Cal. 551, were wrongly
decided) on the attempted application of the maxim,
*Expressio unius*, etc., to the latter clause of the first sen-
tence of section 6 of the Oakland street law. (Stats. of
1863–64, p. 333.) Said clause is as follows: "Said mar-

shal shall fix the time for the commencement of the work under all contracts entered into by him, which work shall be prosecuted with due diligence from day to day thereafter to completion, and may extend the time so fixed, from time to time, under the direction of the city council." It is argued that the words "so fixed" refer only to "commencement"; and that, as the power to extend the time for the commencement of the work is expressed, therefore the power to extend its completion must be held to be excluded. But, in the first place, it is not entirely clear that the construction contended for is the correct one. It would, no doubt, be the strict grammatical construction; but the language undoubtedly leaves the impression that the law-maker, when using it, had the intent to do something more than to merely give power to extend the *commencement* of the work. If that had been his sole purpose, the words concerning the extension of time would naturally have immediately followed those about the commencement of the work; whereas they are placed after the clause requiring the prosecution of the work with due diligence from day to day thereafter to *completion.*

The last two lines of the sentence seem to contemplate a condition of things existing *after* the work had been commenced, and a time when it would be folly to speak of extending the "commencement" of that work. At all events, the true construction of the clause is so doubtful that if the power to extend the completion of the work can be fairly gathered from other parts of the statute, then it would be straining a rule beyond its breaking point to hold such power to be excluded by said clause by virtue of the said maxim invoked by appellants. And we think that the power to extend the time for the completion is clearly given in other parts of the statute. It is to be observed that the statute does not provide that there shall be inserted in the contract *any* stated time

for the completion of the work.   The provision is merely
that the work "shall be prosecuted with due diligence
from day to day thereafter to completion," and must be
done "under the direction and to the satisfaction of the
marshal." (Sec. 6.)   The marshal, therefore (at least
with the concurrence of the council), had full control of
the time within which the work should be completed.
He need not have inserted in the contract any definite
time *at all* for the completion of the work.   And to say
that this power did not include the power to extend the
time when he *had* inserted a definite period, is to say
that the greater does not include the less.   Throughout
the statute the council and marshal are given the most
plenary general powers over all matters relating to street
work; and it is expressly provided that "the marshal of
said city is hereby authorized in his official capacity to
make all written contracts, and receive all bonds author-
ized by this act, and to do any other act, *either expressed
or implied*, that pertains to the street department under
this act." (Sec. 6.)   Moreover, the general power to
extend the time for the completion of the work was set-
tled and declared in the two cases of *Conlin* v. *Seamen*,
and *Houston* v. *McKenna*, above noted.  The statutory
provisions before the court in those cases (with respect
to the point under discussion) were almost identical
with those of the Oakland street law, except that they
did not include the clause above quoted about the exten-
sion of time.

3. The third contention of appellants is that the res-
olutions adopted by the council, and the indorsements
made on the contract by the marshal, do not contain suf-
ficiently apt language to create extensions of the time to
complete the work.   We think, however, that this view
is over-critical, and that the language used clearly
expresses the intention to grant the extensions, and is
amply sufficient to work that result.

We do not see anything more in the points made that requires special notice.

Judgment and order affirmed.

Thornton, J., and Sharpstein, J., concurred.