[Civ. No. 8056. First Appellate District, Division Two.—December 5, 1931.]

E. J. DURRELL, Appellant, v. LEONARD LEWIS BACON, as Administrator, etc., et al., Respondents.

William L. Waters and Anderson & Anderson for Appellant.

Lucius K. Chase and Chase, Barnes & Chase for Respondents.

STURTEVANT, J.—In an action to quiet title to four parcels of land the trial court rendered judgment in favor of the plaintiff as to three parcels, but held he owned only a life estate in parcel number one. From that judgment the plaintiff appealed.

He contends that the evidence does not sustain the findings. If the writer were sitting as trial judge and the plaintiff presented the same facts supported by the same authorities, the writer would be compelled to say that the case of the plaintiff was most plausible. But this court is a court of review and if there is evidence in the record giving substantial support to the findings under attack this court may not disturb those findings. Turning to the record we find that parcel number one included two lots and a part of a third lot in the Hardin tract in the city of Los Angeles. At the time of her death that parcel stood of record in the name of the plaintiff's wife. The deed recites ''To have and to hold all and singular the said premises . . . as her sole and separate estate.'' That deed was recorded December 8, 1898. The presumption is that the title to the property described in said deed then vested in the grantee as her separate property. (Civ. Code, sec. 164.) After his wife died, the plaintiff applied for

letters testamentary. In his petition for letters the plaintiff alleged that his wife left property in Los Angeles County and that said property included the property which we have described above. In support of his case, the plaintiff introduced evidence that is quite convincing and which tended to prove that his wife took the title in her own name as an act of convenience only and that in truth and in fact the property was purchased with funds, some of which were the wife's separate property, some of which were the husband's separate property and some of which were community property and all of which were, by the contract of the spouses converted into community property. He called a number of disinterested witnesses who gave testimony corroborating that given by him. But, because of section 164 of the Civil Code, there was a substantial conflict in the evidence, the solution of which rested with the trial court and not a court of review. (*Smellie* v. *Southern Pac. Co.*, 212 Cal. 540 [299 Pac. 529].)

Before taking up the next point it should be noted that parcel one included lot 1, lot 2 and the northerly ten feet of lot 6. It was the theory of the plaintiff that said parcel was acquired by three separate purchases. The plaintiff testified that the purchase price of lot 1 was $2,000. Mrs. Elizabeth Bacon, the mother of Mrs. Durrell, drew her check for $800, which sum the plaintiff testified was paid not as a gift, but in payment for her maintenance in the house of the Durrells for a period of time including four years prior to the date of payment and to extend to the date of her death. The plaintiff testified that $1,000 of the purchase price was money which Mrs. Durrell inherited from her brother William Bacon. The remaining $200 of the purchase price was not accounted for. Lot 2 was purchased with $1,000, which was given to the plaintiff by his sister. The fraction of lot 6 was paid for out of the proceeds of a judgment rendered in favor of the plaintiff. Excepting the presumption of law (Civ. Code, sec. 164), there was no evidence tending to contradict what has just been recited except the evidence we are about to discuss. The plaintiff complains because the trial court admitted certain evidence, some of which he claims was hearsay and some of which he claims consisted of self-serving declarations of the decedent, Mrs. Durrell. ■ Mrs. Emma

Olsen, one of the defendants and beneficiaries, testified that the decedent stated to her that decedent received $800 from her mother and that that sum went into "this place". Conceding the admission of the evidence was error, it was not prejudicial because the plaintiff testified that $800 was received from the decedent's mother, Mrs. L. L. Bacon.

Another defendant and beneficiary testified that decedent said: "This property came to me down through the Bacon side of the house and I want it to always stay in the Bacon family." Mrs. Mable Bacon, wife of L. L. Bacon, gave similar testimony. So did L. L. Bacon, a nephew of the decedent. Mr. E. E. Bacon, another defendant and beneficiary, did the same thing. The last-named witness was one of the brothers of the decedent. He was an attorney at law. During all the times covered by the story of this action he was the attorney of both Mr. and Mrs. Durrell. After Mrs. Durrell died he acted as attorney for Mr. Durrell in filing the petition for letters testamentary herein above referred to. He also signed as Mr. Durrell's attorney when this action was filed. He, so the record shows, was the only living witness besides the plaintiff who participated in any of the business transactions which were involved in the case on trial. He was, at the time of the trial eighty-four years of age. Presumptively he was a member of the bar in good standing. All of the evidence so complained of was erroneously admitted. (10 Cal. Jur. 1000.) The record shows affirmatively that the trial judge was laboring under a misconception of the true rule and that he believed he was bound to receive the testimony so objected to and that he was bound to use it as a part of the *res gestae*, as part of the circumstances, and as showing the intention of the parties as to whether the spouses agreed that all of their holdings were to. be and become community property. (Trans., 359–362.) When all of the evidence was in the plaintiff had proved a complete case. The defendant had shown by Mrs. Prince that at one time Mr. Durrell had stated to her that in a conversation with his wife he claimed a half interest in the lots and asked her to deed one to him. Mrs. Durrell replied no, he could take other property—that located in Fresno. That statement was not a denial of his interest, but a mere suggestion of a different manner of dividing in kind. The defend-

36

ants had shown that the plaintiff had filed an application for letters testamentary in which he mentioned the property as belonging to his wife. But in that connection it also appeared that the plaintiff is a janitor by occupation, and that the application for letters was prepared by Mr. E. E. Bacon, one of the defendants and the man who had been acting as the attorney for both spouses for over thirty years. There was also the dry presumption (Civ. Code, sec. 164), which as a matter of fact had been almost, if not entirely, dispelled in the mind of any fair arbitrator. Therefore we think it is clear that, in so far as the judgment was against the plaintiff and in favor of the defendants, the trial court rested its judgment wholly on the evidence so erroneously received. It follows that the error was prejudicially erroneous and that there has been a miscarriage of justice.

The defendants state that, notwithstanding the court may have erred in admitting the self-serving declarations, the error was harmless because the holder of the equitable title may not maintain an action to quiet title against the holder of the legal title. (*Aalwyn's Law Institute* v. *Martin*, 173 Cal. 21 [159 Pac. 158], and cases there cited.) The plaintiff replies that defendants have in their brief cited cases in which one spouse holding an equitable title brought an action to quiet title against the other spouse who held the legal title and that the courts took jurisdiction and determined the rights between the parties. (*Kimbro* v. *Kimbro*, 199 Cal. 344 [249 Pac. 180].) The plaintiff also shows that the cases which the defendants cite and rely on are not in point but may be classed as falling under the rule that one without any title or interest in property cannot maintain the action. (22 Cal. Jur. 113.)

Again the defendants assert that the plaintiff is barred by laches. The point is made in this court, but was not made in the trial court, and therefore may not be considered. (*Parkside Realty Co.* v. *MacDonald*, 166 Cal. 426, 433 [137 Pac. 21].) A further claim is asserted that the testimony under consideration was offered because the plaintiff had been allowed to introduce similar evidence that should have been excluded. But the defendants did not appeal and such errors, if any, are not before us.

■ Finally it is claimed that because the plaintiff offered in evidence the deed conveying the property to the decedent he thereby proved himself out of court. He did not. His act was but one step in the proof of his case and in response to the allegations of the complaint.

The judgment is reversed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 4, 1932.