[Civ. No. 2949.   Fourth Dist.   Dec. 22, 1941.]

JOHN BAYLIS, Appellant, v. ELEANOR PARSONS BAYLIS, Respondent.

Fred A. Wilson, Willis Sargent, William Guthrie and Donald W. Jordan for Appellant.

Karl F. King and Martin J. Coughlin for Respondent.

WEST, J., pro tem.—This is an appeal by plaintiff and cross-defendant from certain portions of an interlocutory judgment of divorce. Plaintiff instituted the action alleging, so far as pertinent to this appeal, that certain property was the community property of the parties, but not including in the statement the interest in real estate hereinafter referred to. He further prayed for custody of the two minor chil-

dren of the parties. A cross-complaint for divorce was filed in which it was alleged that the parties held as community property, in addition to the community property listed in his complaint by the plaintiff, an undivided one-third interest in certain property upon which is located a mountain resort known as Pinecrest. Defendant also asked custody of the children and for a suitable award for their support and maintenance. Plaintiff answered the cross-complaint denying that the interest in the Pinecrest property was community, alleging that it had been conveyed to him as a gift; that he had subsequently conveyed it back to his parents who were the original grantors; and that he had no interest therein. The case was tried and upon submission the court entered judgment granting an interlocutory decree of divorce to cross-complainant awarding the custody of the minor children to respondent with the provision that appellant pay until further order, the sum of $75 per month for their support. Under the decree also there was a provision that appellant might keep the children with him for one month out of each year. It was also adjudged that the one-third interest in the Pinecrest property was community property. As a part of the decree it was declared that upon entry of the final decree of divorce the judgment should award appellant and respondent each an undivided one-sixth interest in the Pinecrest property and its appurtenances; that the one-sixth interest of appellant should be subject to a lien to secure the award for the support of the children; and that the final decree should order the appointment of a receiver to take possession of the interest of the parties in the Pinecrest property for a period of ten years in order to carry out the provisions of the judgment so far as the support of the minor children was concerned.

No attack is made upon the decree insofar as it adjudges that respondent is entitled to a divorce or insofar as the awarding of custody of the minor children is concerned. Appellant does contend that the court's finding that the one-third interest in Pinecrest was community property is not supported by the evidence and further that there was error in requiring appellant to furnish support for the minor children during the period when they should be in his custody.

It appears from the record that appellant's parents had for many years owned and operated a mountain resort upon

certain real property of which the premises herein called Pinecrest is a major portion. Appellant had worked at the resort continuously since about 1918 and was at the time of the trial assistant manager of the enterprise. In 1925 he and respondent were married. Their first child was born shortly before the appellant's thirty-first birthday which occurred on April 8, 1927. On the occasion of the birthday celebration, appellant's father handed to him a letter which read as follows:

"Dear John:

"You have now reached the age of 31 years, you are happily married, have a son of great promise, whom we all love and admire and have great hopes for, it would appear that you have reached a place in your life from which you are to advance to a career for yourself.

"We are impressed with this fact by your stability of habits, the selection of proper companions, your application to business, and the excellent manifestations of well balanced judgment on business matters at issue.

"It is our desire at this time to hand over to you that which we have held in abeyance, awaiting this period & condition of your life, & which we have been holding as a trust. As you know your individual efforts have been concentrated for 15 years on Pinecrest.

"It is true you have received some wages but not your full earned compensation as mentioned. We have reserved this in trust until now, and now while we are all in full health and working vigor and can join hands in unified effort the enterprise that will belong equally to us all can go on to completion.

"In fulfillment of this intention on this your birthday anniversary we are handing you a full (1/3) individual interest in all the Pinecrest properties, both in payment of all earning that may be due you, unaccounted & unenumerated and as a gift of love.

"We know you will aid in its development & share in its liabilities & operation and on this occasion we extend to you our congratulations and love

"Affectionately

"J. N. Baylis Your father

"Elvira L. Baylis Your Mother."

No comment or explanation was offered by either of appellant's parents at the time of the presentation of the letter.

It appears that under date of April 1st, 1927, a grant deed had been executed by the parents by the terms of which there was conveyed to appellant the undivided one-third interest hereinbefore referred to. This deed was acknowledged by the grantors on April 7th, 1927, and recorded April 9th, 1927. The instrument was in the ordinary form of grant deed and recited that it was given "in and for a valuable, adequate and sufficient consideration, the receipt of which is hereby acknowledged." At the trial appellant testified that he had not given any consideration for the conveyance and that the interest transferred to him was a gift from his parents. Respondent denied any knowledge as to whether or not any community earnings went into the acquisition of the property. Appellant's father was called as a witness and testified that appellant was the owner of a one-third interest in the property but he was not asked, nor did he testify concerning his intention with respect to the conveyance. The other grantor, appellant's mother, did not appear as a witness. It is the contention of appellant that the evidence indicates that the property was conveyed to him as a gift and that the court's finding that it was community property was without foundation. Respondent urges not only that there was ample evidence that the conveyance was made for a valuable consideration and was therefore not a gift, but she also relies upon the disputable presumption raised by section 164 of the Civil Code that property acquired during coverture is community property, and maintains that no evidence was adduced at the trial to dispel this presumption. Appellant, in response to this last contention of respondent, urges that since respondent offered proof by the introduction of the letter and deed in evidence, she has deprived herself of the benefit of the presumption.

An examination of the letter of April 8th discloses that language was employed which was not only consistent with the theory of a gift to appellant, but was also consistent with a recognition of the payment of some consideration for the conveyance. The statement, "both in payment of all earning that may be due you, unaccounted & unenumerated and as a gift of love," in ordinary construction connotes at least in part the discharge of an obligation, while the words, "It is true you have received some wages but not your full earned compensation," equally do not import an entire lack of valuable consideration. Taken with the recital

of consideration contained in the deed, we believe the foregoing excerpts of the letter, to say the least, present a situation of conflict of evidence. ■ The rule is well settled that where the facts established are such as to reasonably permit opposing inferences to be drawn therefrom and the trial court has adopted one and rejected the other, an appellate court will not disturb the finding. (*MacDermot* v. *Hayes*, 175 Cal. 95 [170 Pac. 616].) ■ We must say that appellant's contention with respect to the separate character of the property, in the light of all the circumstances surrounding the conveyance, is not without force, but this is a court of review only and there being evidence in the record giving substantial support to the findings under attack, this court is not at liberty to disturb such findings. (*Durrell* v. *Bacon*, 119 Cal. App. 31 [5 Pac. (2d) 961].) In view of what has just been said we think it unnecessary to consider either the question of the presumption that respondent had a community interest in the property because of its acquisition during coverture, or the effect of respondent's presentation of evidentiary matter as dispelling that presumption. ■ So far as the other point to be considered is concerned, viz., the propriety of the order for support to be paid during the period when appellant might have the children with him, it is sufficient to say that the judgment provides that "plaintiff may visit with and take said children with him on every alternate week-end hereafter," and again that "plaintiff may take and keep said children" for periods set forth. The word "may," as used in the judgment, imports that the order is permissive only and in no way affects the provision that respondent "shall have the sole custody and control of the minor children." The proper interpretation of the judgment in this regard is that a privilege only is conferred upon appellant of which he may avail himself or not as he may choose. The maintenance of the children, including the providing of proper clothing, of permanent shelter, and of the incidentals necessary to their welfare still remains, under the order, the obligation of respondent. At such time in the future as any actual change in the order of custody may be made, the order with respect to payment of support may be considered in the trial court. We fail to see that there was any abuse of discretion in the order as made.

■ So far as the judgment requiring appellant to fur-

nish security for the payment of the allowance for the maintenance of the children is concerned, it is clear that the court acted properly. In a decree of divorce such allowance may be made a lien upon the husband's property. (*Tremper* v. *Tremper*, 39 Cal. App. 62 [177 Pac. 868]; *McKannay* v. *McKannay*, 68 Cal. App. 701 [230 Pac. 214].)

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing was denied January 20, 1942.