Wilde J.
delivered the opinion of the Court. According
to the doctrine laid down by Parsons C. J. in the case of Pidge v. Tyler et al., 4 Mass. R. 541, the registry of the *87 deed from Shattuck and Shattuck junior to the demandants, under the circumstances of the case stated, must be considered as constructive notice of that conveyance to a subsequent purchaser. The deed, being duly executed, passed the estate to the grantees as against the grantors and their heirs. It is va..id also, having been duly proved according to the statute, against an intermediate purchaser, although at the time of the registry it was not acknowledged by Shattuck senior, who was solely seised of that part of the granted premises now demanded.
The principal object of the registry act is to avoid the evils of secret grants, by providing the means of giving them publicity;[1] and when a deed is regularly recorded, all the publicity required is given, and the intention of the statute is fully satisfied. That the deed in question was regularly recorded cannot be denied ; for certainly the grantees were entitled to have it recorded as the deed of the acknowledging grantor ; and if so, it is impossible to say that the deed was not recorded by legal authority.[2] If then the notice required by the statute has been given, the tenant’s title must fail, for a purchase, whether by deed or by levy of execution, with notice of a prior bond fide conveyance, is fraudulent and void in law. These principles are fully explained in the case referred to, and are supported by the English authorities on the construction of the statute of enrolments. [3]
It is true that this doctrine of constructive notice is denied by Lord Redesdale in the case of Bushell v. Bushell, 1 Scho. & Lefroy, 90, but his decision rests on the construction of the Irish registry act, which materially differs from ours, and those of England. How far Lord Redesdale's opinion may be supposed to have been influenced by this difference, I will not undertake to say, nor is it necessary in this case to determine ; for admitting his opinion to be correct, in the full extent as reported, still we think the demandant’s title must prevail. *88 He admits that the registry is notice to a certain extent. “ -N° person,” he says, “ thinks of purchasing an estate without searching the registry, and if he searches, he has notice,” but he denies that it is notice to all intents, or that it is conclusive evidence of notice. Now if it is presumptive evidence only, that, in the present case, is sufficient; for it is submitted on this evidence, and it is agreed that there is no other evidence touching the question of notice, so that nothing appears to repel the presumption of notice arising from the registry, and we may decide the case for the demandants without entering on debatable ground. [1]
The case of Heister v. Fortner, 2 Binney, 40, is distinguishable from the present case, for the question there arose on a deed which had not been regularly recorded ; the publicity required by statute had not been given ; and no one was bound to take notice of a deed defectively proved, and not regularly registered.[2]
As to the distinction made between the registry of a deed from two or more joint tenants, or tenants in common, and that of the deed in question, there seems no authority for it. The notice is the same, whether the grantors are seised "as tenants in common of the whole land conveyed, or are separately seised of distinct parts.
According to the agreement of the parties, the tenant is to be defaulted, and judgment entered for the demandants.

 See 1 Story’s Comm. Eq. 385, 386

 It is enacted by the Revised Statutes, that the acknowledgment of deeds shall be by the grantors, or one of them, or by the attorney executing the same. C. 59, § 12.

 See Catlin v. Ware, 9 Mass. R. (Rand’s ed.) 220, note a.

 See 1 Story’s Comm. Eq. 387 to 392.

 See 1 Story’s Comm. Eq. 393; Frost v. Beekman, 1 Johns. Ch. R. 300 Montgomery v. Dorion, 6 N. Hampsh. R. 255; M‘Niel v. Magee, 5 Mason 265; Carter v Champion, 8 Connect. R. 550.