JULIUS A. PALMER & others *vs.* HENRY M. PAINE.

The acknowledgment by a husband, after issue born, of a deed made by him jointly with his wife, of land held by her to her separate use under *St.* 1845, *c.* 208, is sufficient to authorize it to be recorded.

SHAW, C. J. To a writ of entry to foreclose a mortgage, the defendant answers, in the nature of a special nontenure, that he has no seisin. It appears however that he and his wife joined in a deed of the premises to Whipple by a deed acknowledged by Paine but not by his wife, and the same premises were afterwards duly conveyed by Whipple to the plaintiff.

The defendant denied that he ever had any title and seisin in the premises, and insisted that the seisin was in his wife, in her sole right, without the interference of a trustee, free from the control of her husband, under the *St.* of 1845, *c.* 208: that his acknowledgment of the deed was void, and did not warrant the registration of the same; and therefore it was to be regarded as an unregistered deed.

Registration is not necessary to pass title; as between parties, the title passes by the deed. *Dole* v. *Thurlow*, 12 Met. 157. The purpose of registration is notoriety, and, if it is so acknowledged by any one party to it, it is rightly registered, and then it is regarded as constructive notice to all the world as the deed of all other parties, as if acknowledged by them. *Shaw* v. *Poor*, 6 Pick. 86.

It is said that a deed cannot be read in evidence on a trial, unless it has been registered. Be it so; that is a mere rule of evidence; and if it is acknowledged or proved, it may be recorded in fact; or its execution may be proved according to law, and then it may be registered and the rule of evidence be complied with.

In considering the defendant's ground that he has no claim of seisin, it appears to us the first answer is, that he is estopped by his deed. In general, a deed with general or special warranty of title, with an acknowledgment which entitles it to registration,

is regarded as equivalent to a grant at common law with livery of seisin, and therefore is a claim of seisin.

But a more decisive answer is, that Paine was not a mere stranger, but had some interest which would pass by the deed. The wife had the estate in her own right under the statute, in the case supposed, and as such might have alienated it by her will, perhaps by her deed in her lifetime. But then she might not. She was in fact seised of the estate during the coverture, and had children; and thereby the husband had an inchoate tenancy by the curtesy, which would be an absolute estate to him for his life, by operation of law, if she had not exercised her power to alienate. *Beal* v. *Warren*, 2 Gray, 457. Paine then had at the time a contingent interest in the estate, which rendered it proper for him to join; his deed might have some operation; his acknowledgment was sufficient to have the deed registered; and then it was good registration as against all parties.                *Judgment on the verdict for the plaintiff.*

*E. B. Stoddard*, for the defendant.

*D. Foster*, for the plaintiff.