### Edmund Hall v. Anson Redson and others.

Where a deed from several grantors is put upon record, as to only a part of whom it is properly executed and witnessed, the record is only evidence of the deed as to those parties by whom it has been properly executed, and whose execution of it has been duly witnessed so as to entitle it to record had they been the only grantors named.

Where therefore husband and wife joined in a deed of conveyance of the husband's lands, and the deed appeared to have been executed by them separately at different times, and there was but one subscribing witness to the execution by the husband, but the execution by the wife was duly witnessed and acknowledged, it was *held*, that the record of this deed was no evidence of its execution by the husband.

*Heard April 10th and 11th. Decided April 22d.*

Appeal in Chancery from Shiawassee Circuit. The bill was filed to quiet the title to lands, and the case, so far as passed upon, is sufficiently stated in the opinion.

*E. Hall*, complainant in person.

*Goulds & Hanchett*, for defendants.

CHRISTIANCY J.:

Complainant claimed title to the land in question by several mesne conveyances through Hayward, who purchased

from the Government. The title of complainant was denied by the answer. Hayward conveyed to James Crombie. The original deed from James Crombie and wife to Stebbins, through which complainant claims to derive his title, was not introduced; but complainant, for proof of this deed, produced and relied upon a transcript of the record from the registry of deeds. It is objected by the defense that the record was not competent proof of this deed, on the ground that it has but a single subscribing witness to its execution by James Crombie, and was not therefore entitled to be recorded as to him.

The execution and witnessing of the deed, so far as this point is involved, was in the following form.

"Signed, sealed and delivered      JAMES CROMBIE.      [SEAL.]
    in the presence of           CALISTA A. CROMBIE. [SEAL.]
    B. RUSH BAGG.

JOHN CROMBIE, ⎫ Witness to the signature of Calista
STEPHEN COOK, ⎭      Crombie."

Crombie and wife are described in the deed as being "of Rochester in the State of New York." The deed is acknowledged by James Crombie before B. Rush Bagg (the subscribing witness), a Notary Public in and for the county of Wayne, in the State of Michigan, and by the wife, Calista A. Crombie, before Henry Pratt, a commissioner of deeds in and for the county of Monroe in the State of New York. We are therefore entirely satisfied from what appears upon the deed that it was executed by James Crombie in Wayne county, Michigan, and by the wife in Monroe county, New York, or, at least, not at the same time and place as by the husband; that the witnesses John Crombie and Stephen Cook intended to confine their attestation to the execution by the wife alone, in accordance with the restrictive words opposite their names, for which there could otherwise have been no use or propriety, and consequently that Bagg is the only subscribing witness to the execution by James Crombie.

## HALL v. REDSON.

The statute in force at the time this deed was executed and recorded, required two witnesses to its execution by the grantor, "or person from whom the estate or interest was intended to pass," to entitle it to record. — *Comp. L.* §§ 2720, 2727. It is therefore clear that a sole deed of James Crombie, thus witnessed, would not have been entitled to record: *Galpin v. Abbott,* 6 *Mich.* 17; and the record would be entirely inoperative either as notice to purchasers or as evidence of the deed. This is admitted; but complainant insists that, as it was properly executed by the wife, and duly witnessed as to her, the entire deed was entitled to record, and the record becomes evidence of the deed as to both, and for all purposes, under the statute which provides that "the record or a transcript certified by the register may be read in evidence in any Court of this State," &c. *Comp. L.* § 2750. The record doubtless would be evidence of the due execution of the deed by the wife, as to any interest she might have had the power by her sole deed to convey, but she had no interest but the contingent right of dower, which she could probably convey only by joining with her husband in the conveyance: *Comp. L.* §§ 2731, 2732; and this presupposes a proper deed from the husband conveying the estate; at all events she could not convey the contingent right of dower while the estate in the land remained in the husband unconveyed.

We are not called upon to decide whether a deed with a single witness, if duly proved as at common law, would, as between the grantor and grantee, convey the land to the latter; nor whether the record of this deed might operate as notice to purchasers; because, until some instrument having the effect to transfer the title has been duly proved in some way, no question of such notice can arise. The only question here is whether the record is competent proof of the execution of the deed by James Crombie, in whom this title was vested; and we are all

of opinion the record constitutes no proof of the deed as to him; and that when a deed from several grantors is recorded, as to only a part of whom it is properly executed and 'witnessed, the record can only be evidence of the deed as to those parties by whom it has been properly executed, and whose execution of it has been duly witnessed so as to entitle it to record had they been the only grantors named. In other words, a defective execution or attestation as to one grantor, can not be aided by a perfect execution and attestation as to other parties. To hold otherwise would be to defeat the manifest object of the registry laws, and to open a wide door to fraud. There being therefore no evidence of this deed, there is a link wanting in the chain of complainant's title, and none of the other questions raised upon the argument can properly be noticed.

The decree of the Court below dismissing the bill must therefore be affirmed, with costs, but with this modification, that the dismissal must be without prejudice.

The other Justices concurred.