GEORGE MUNRO, Appellant, *v.* ORMOND G. SMITH *et al.,*
Respondents.

*Supreme Court, First Department, General Term, July* 9, 1889.

*Costs. Extra allowance.*—In an action to enjoin the use of a trademark,
the uncontradicted testimony of the plaintiff that its value was
$50,000, is sufficient evidence of value, on which to compute an
extra allowance under section 3253 of the Code.

Appeal from an order granting an extra allowance.

*Roger Foster,* for appellant.

*Archibald L. Sessions,* for respondents.

BRADY, J.—This was an action brought to enjoin the
defendants from using upon the covers of a publication
called the Secret Service Series, a picture of "Old Sleuth"
also of the title "Old Sleuth, the Detective," and of the
pseudonym "Old Sleuth," as referring to Harlan P. Halsey,
the author of certain stories published by both plaintiff and
defendants. The trial resulted in an interlocutory decree
denying the plaintiff's claim to the exclusive right of the
pseudonym "Old Sleuth," and sustaining his claim to the
picture itself, and ordering a reference to ascertain the
amount of the defendants' profits.

Upon the coming in of the referee's report, an application
was made for an extra allowance, which was granted, but
confined to the amount of the damages ascertained and
declared by the referee, and upon the ground that the court
had no power to grant an allowance on any other sum.
The question of power, therefore, is presented for consideration.

The Code, by section 3253, provides for an allowance, by its second subdivision, upon the sum recovered or claimed, or the value of the subject matter involved. It is necessary, therefore, that there should be some evidence of value.

In some of the reported cases the interlocutory decree has provided for the ascertainment of the value of the subject matter, and, doubtless, with a view of determining to what extent an extra allowance should be granted; and if the decree in this case had contained such a provision, it is not at all unlikely that an appeal would not have become necessary. Assuming, therefore, that the subdivision referred to has any application to this case, the next question which presents itself, and the only question, is this: Is there any evidence of value?

Upon that subject the plaintiff, as appears from the record, testified that over $50,000 had been expended by him in advertising the stories containing the picture which the defendants had improperly employed in their enterprises; and he stated that he thought the right to the exclusive use of that picture as a trademark, and which he had secured by the interlocutory decree, was of the value to him of at least $50,000, and he submitted that an allowance should be based upon that amount. This statement of value was uncontradicted.

It is true, as suggested by Judge JONES in an able opinion delivered in Coates *v.* Goddard (34 Superior Ct. 118), that no money value could be assigned to the trademark which was the subject of controversy in that case, as distinct from the article of which it was the trademark. It appeared, however, in that case that the plaintiff had not recovered a money judgment, but one directing an injunction perpetual. There is in this case, as already suggested, a statement of value of one of the things which formed the basis of the action and which, in its use by the plaintiff in his business, was very productive. It is not understood why this is not analagous to an easement, or to anything

else the enjoyment of which is vested, or the profits of which are secured, by its use. It was held, for example, in Warren *v.* Buckley, 2 Abb. N. C. 323, that, in an action to recover damages for trespass where the title to real property is the question involved in issue, an extra allowance should be computed upon the value of the property, instead of the amount of the damages recovered. And in Lattimer *v.* Livermore, 72 N. Y. 174, in an action to restrain an infringement of easement, the value of the easement was declared to be the basis on which an allowance was to be computed.

These seem to be analogous cases to the one in hand. The subject matter of the action upon which the plaintiff succeeded had, it must be said, a conceded value, such as is stated by him in his evidence on this subject, and which is not disputed, and his opinion of the value seems to rest upon facts which are sufficiently stated, perhaps, to justify the conclusion at which he arrived upon the subject.

It is true, as suggested by Justice JONES in the case referred to herein, that a trademark has no value separate and distinct from the article to which it is applied—a proposition which necessarily involves the converse, namely, that when applied it may have a value varying in amount according to circumstances. Here it is positively asserted under oath that its value as used with the article to which it is to be attached or applied, or with which it is to be connected, is $50,000.

It becomes necessary, therefore, to remit this case to the learned justice by whom it was heard for a further consideration of the application for an allowance.

Ordered accordingly.

DANIELS, J., concurs; VAN BRUNT, Ch. J., concurs in the result.