## BRADLEY v. WALKER.

*(Superior Court of New York City, General Term. January 29, 1892.)*

1. BONA FIDE PURCHASERS—RESTRICTIVE COVENANTS—NOTICE FROM RECORD.
    The recording of a covenant agreement between owners of adjoining lots not to erect buildings thereon within eight feet of the street line is a sufficient notice to a subsequent purchaser.
2. SAME—DEFECTIVE ACKNOWLEDGMENT.
    A defective acknowledgment as to one of the parties to a recorded covenant agreement relating to land will not prevent the recording being considered as notice.
8. COSTS—ADDITIONAL ALLOWANCE.
    Under Code Civil Proc. § 3253, subd. 2, providing that "a sum not exceeding five per centum upon the sum recovered or claimed, or the value of the subject-matter involved," may be given as an extra allowance, an allowance of $250, in an action for an injunction, where there is no evidence of the value of the subject-matter involved, and no recovery beyond costs, while the amount claimed as damages is only $1,000, is erroneous.

Appeal from special term.

Action by Mary E. Bradley against Isaac Walker for an injunction to restrain defendant from erecting and maintaining structures in front of his premises in violation of a covenant agreement. Judgment for plaintiff. Defendant appeals. Modified. For former report, see 14 N. Y. Supp. 315.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

*Henry Hoyt*, for appellant.    *George W. Cotterill*, for respondent.

GILDERSLEEVE, J. By a judgment of the court below the defendant was enjoined from erecting and maintaining structures in front of his premises in violation of a covenant agreement entered into by prior owners of this and adjacent property, reserving a space of eight feet in front of the street line. The questions of law involved in this case, and requiring consideration for its proper determination, were all substantially decided by a former general term of this court on an appeal from the order vacating the injunction granted at the inception of the action. See *Bradley . v. Walker*, opinion by McADAM, J., 14 N. Y. Supp. 315. In the above-mentioned opinion, the question of the defendant's notice of the agreement is not fully discussed; and the claim of his learned counsel that, on the former appeal, it was assumed that the defendant purchased the premises with notice, is not without foundation. We now propose to discuss this question, and also give attention to the alleged error in granting plaintiff an allowance of $250. We hold the former general term opinion to be decisive of all other material matters herein. Whoever purchases real estate with notice of any equity attaching to it buys subject to that equity. He must conform to the mode of occupation and use of the estate, however restricted, that was enjoined upon or attached to his grantor. *Bradley* v. *Walker, supra*, and authorities there cited. The notice may be implied from circumstances. In *Talmadge* v. *Bank*, 2 Duer, 614, affirmed 26 N. Y. 105, the court held "that the uniformity of the position of all the houses on St. Mark's place was probably sufficient, alone, to put the defendant on inquiry." See, also, *Maxwell* v. *Bank*, 3 Bosw. 124; *Perkins* v. *Coddington*, 4 Rob. (N. Y.) 647; *Greene* v. *Creighton*, 7 R. I. 1.

The house in question, and the adjoining houses in the same block, are actually set back eight feet from the line, and have remained so for many years. The large open space thus allowed in front of these houses is not usual in the city of New York, and is of itself a circumstance that might well put the purchaser on inquiry. In *Talmmadge* v. *Bank, supra*, the notice was not wholly

by implication. There was testimony in the case that justified a finding of actual notice. Nevertheless the case is authority in support of the doctrine for which we here contend. But in the case at bar the fact of the notice does not rest upon an implication from circumstances above set forth. The covenant agreement under consideration here was regularly recorded, and this, in and by itself, was notice. This court, in *Kendall* v. *Niebuhr*, 45 N. Y. Super. Ct. 542, (FREEDMAN, J., writing the opinion,) affirmed at general term, (46 N. Y. Super. Ct. 544,) held that "a mortgagee employing an attorney to make searches, prepare releases, etc., is chargeable with knowledge of a recorded conveyance, though the fact was not communicated to him by the attorney. The presumption is that the attorney found the record in discharge of his professional duty, and the presumption becomes conclusive by the attorney's omission to testify to the contrary when called as a witness." In the case at bar the defendant's attorney was present and conducted the trial, but remained mute on this point. Notice to an attorney in the investigation of a title is notice to his client. See *Griffith* v. *Griffith*, 9 Paige, 315; Weeks, Attys. p. 407, § 237. Purchasers must be deemed to know every fact disclosed by the instruments of record affecting the property purchased; and the fact of such purchasers not having actual notice will not relieve them from obligations imposed by said instruments. A purchaser must be presumed to examine every recorded deed, or instrument forming a part of it. See *Acer* v. *Westcott*, 46 N. Y. 384; *McPherson* v. *Rollins*, 107 N. Y. 322, 14 N. E. Rep. 411.

If it is held that the agreement was not properly recorded as to defendant's grantor, Mrs. Alvord, on account of her defective acknowledgment, inasmuch as it was properly recorded as to the other parties to the agreement, the defendant could not in law see a part without the whole, and he would thereby have actual notice through his attorney, who searched the title. See 2 Pom. Eq. Jur. pp. 16, 17, 92.

With regard to the granting of an extra allowance of $250, we think the court below fell into error. Subdivision 2 of section 3253 of the Code provides that an extra allowance may be given "in any other case" (other than an action to foreclose a mortgage) "specified in this section, a sum not exceeding five per centum upon the sum recovered or claimed, or the value of the subject-matter involved." In the case at bar, there is no evidence of the value of the subject-matter involved, and no sum recovered beyond the costs and extra allowance, while the amount claimed as damages is $1,000, 5 per centum of which would be less than the $250 granted as extra allowance by the court below. Thus, in any view of the case, the granting of the extra allowance of $250 was improper. Where the subject-matter involved is not capable of a money value, or the value is not shown, an allowance is not authorized. See *Conaughty* v. *Bank*, 92 N. Y. 401; *People* v. *Railroad, Co.*, 5 Lans. 25; *Coates* v. *Goddard*, 34 N. Y. Super Ct. 118; *Munro* v. *Smith*, (Sup.) 6 N. Y. Supp. 426. This error, however, is one that can be remedied without reversing the judgment, which in all other respects is fully warranted. We are of the opinion that the judgment must be modified by deducting therefrom the sum of $250, and as thus modified the judgment appealed from is affirmed, with costs.