## WATERMAN *et al. v.* SHIPMAN *et al.*

(*Supreme Court, General Term, Second Department.* July 22, 1892.)

COSTS—EXTRA ALLOWANCE—INJURY TO TRADE-MARK.

The question whether or not defendants' use of the word "Ideal," as a trade-mark for their fountain pens, was an infringement of plaintiffs' trade-mark rights, was "difficult and extraordinary;" and, in an action to enjoin such use, it appearing that the trade-mark was worth $50,000 to plaintiffs, an extra allowance of $250 for costs was properly made.

Appeal from special term, Kings county.

Action by Lewis E. Waterman and another against Edward L. Shipman and another. From a judgment for plaintiffs, defendants appeal. Affirmed.

For former report, see 8 N. Y. Supp. 814, and 29 N. E. Rep. 111.

Argued before BARNARD, P. J., and DYKMAN and CULLEN, JJ.

*Briesen & Knauth,* (*Antonio Knauth,* of counsel,) for appellants. *Walter I. Logan,* for respondents.

BARNARD, P. J. The court of appeals has decided that the plaintiffs have a right to an injunction in this case, prohibiting the defendants from using the word "Ideal," as applied by the plaintiff L. E. Waterman to fountain pens of his own manufacture. The manufacture of pens by the defendants so marked is admitted; the sale is admitted by the answer. The facts stated in the eighth defense were held not to authorize the use of the word "Ideal," and therefore proof of facts tending to establish the same was properly excluded. The judgment was proper, and must be affirmed, with costs.

The order for an extra allowance of $250 was properly made. The case was difficult and extraordinary. The trade-mark is proven by affidavit to have been worth $50,000 at least, and the profits from the trade-mark to be $3,000 a year. The order for the additional allowance is fully supported by *Munro* v. *Smith,* (Sup.) 6 N. Y. Supp. 426, and should be affirmed, with costs and disbursements. All concur.