[No. 19484.   Department Two.—December 31, 1894.]

# THOMAS K. ADLARD, Appellant, *v.* LESTER D. RODGERS, as Constable, Respondent.

Chattel Mortgage—Want of Acknowledgment—Attachment—Possession.—A chattel mortgage which is defective in not being acknowledged or proved and certified, as provided in section 2957 of the Civil Code, is void as against an attaching creditor of the mortgagors, unless the mortgagee had reduced the property to possession prior to the attachment.

Id.—Validity Between Parties.—A mortgage authorized by statute is good between the parties and those having notice, though it does not strictly conform to the statute.

Id.—Possession of Mortgagee Prior to Attachment—Delivery of Key—Acts of Possession.—Where the mortgagee, under a chattel mortgage of machinery and articles used in a steam laundry, upon breach of the conditions of the mortgage, demanded possession of the property, and, upon receiving the key of the laundry, went to the premises, locked the door, and posted a notice on the building to the effect that he was in possession of the property therein contained, there was a sufficient delivery of possession to the mortgagee as against the attaching creditors.

Id.—Symbolical Delivery—Trespass.—The delivery of ponderous articles may be symbolical; and, where goods are locked up, a delivery of the key is so far a delivery of the goods that it will support an action of trespass against subsequent purchasers or attaching creditors who take possession of them.

Id.—Assignment for Benefit of Creditors—Delivery by Assignee to Mortgagor—Attachment—Replevin.—The fact that the possession of the property included in the chattel mortgage had been delivered to an assignee for the benefit of the creditors, and that the key of the premises in which the mortgaged property was situated was delivered by such assignee, upon demand of the mortgagee, without authority of the creditors represented by the assignee, does not affect the possession secured by the mortgagee; and no question arises as to the rights of the creditors represented by the assignee, in an action of replevin brought by the mortgagee against a constable who justifies under a plaintiff in an attachment suit, claiming, not under, but in opposition to, the assignment.

Id.—Justification of Seizure Under Attachment—Right of Possession.—A constable justifying by virtue of an attachment sued out by a creditor has no right to the possession of the goods seized, unless he acquired them by virtue of the attachment.

Id.—Rights of Creditors Under Assignment—Parties.—The rights of the creditors under the assignment, as against the mortgagee who received possession from the assignee, can only be considered in an action involving such rights to which the creditors became parties.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.

The facts are stated in the opinion.

*R. A. Redman,* and *Henry P. Wilson,* for Appellant.

The finding that there was no custody of the property by the mortgagee was against the evidence. (*Nelson* v. *Wheelock,* 46 Ill. 25; *Whisler* v. *Roberts,* 19 Ill. 274; *Street* v. *Sinclair,* 71 Ala. 110; *Burns* v. *Campbell,* 71 Ala. 271; *Braley* v. *Byrnes,* 21 Minn. 482; *Bennett* v. *Ellison,* 23 Minn. 242; *Metzler* v. *James,* 12 Col. 322.) The delivery of the keys was sufficient. (Jones on Chattel Mortgages, secs. 180, 182, 184, 295, 375, 434; 1 Colbey on Chattel Mortgages, secs. 495, 497–99, 507–09.) The chattel mortgage was good as a common-law mortgage, and valid between the parties. (Am. & Eng. Ency. of Law, 183; 2 Hilliard on Mortgages, secs. 277, 426; Jones on Chattel Mortgages, secs. 1, 4, 12, 237, 238, 374, 426, 454, 699–702, 768; *Wildman* v. *Radenaker,* 20 Cal. 615; *Hackett* v. *Manlove,* 14 Cal. 85; *Harms* v. *Silva,* 91 Cal. 636.) The assignee for the benefit of creditors took subject to the mortgage, though not recorded. (Civ. Code, sec. 3460; Jones on Chattel Mortgages, secs. 243, 244; 3 Parsons on Contracts, *468, note *b; Gammons* v. *Holman,* 2 West Coast Rep. 822; *Adams* v. *Haskell,* 6 Cal. 114; 65 Am. Dec. 491.) The right of the mortgagee to take possession could not be interfered with by the assignee prior to the levy. (*Braley* v. *Byrnes,* 21 Minn. 482; *Whisler* v. *Roberts,* 19 Ill. 274; *Nelson* v. *Wheelock,* 46 Ill. 25.) The attaching creditor could not levy otherwise than as subject to the mortgage after possession was taken by the mortgagee. (*Bailey* v. *Burton,* 8 Wend. 339; *Galen* v. *Brown,* 22 N. Y. 37; *Hall* v. *Sampson,* 35 N. Y. 274; 91 Am. Dec. 56; Jones on Chattel Mortgages, secs. 556, 557.) The title having become absolute the property was not subject to seizure on attachment, and could only be reached by gar-

nishment, if at all.   (Code Civ. Proc., secs. 542–44, 688; *Metzler* v. *James,* 12 Col. 322; Jones on Chattel Mortgages, secs. 452, 556, 557, 706; *Treadwell* v. *Davis,* 34 Cal. 601; 94 Am. Dec. 770; *Heyland* v. *Badger,* 35 Cal. 404; *Harms* v. *Silva,* 91 Cal. 636.)

*Marble & Phibbs,* for Respondent.

Appellant did not have actual and unequivocal possession of the property.   (*Stevens* v. *Irwin,* 15 Cal. 503; 76 Am. Dec. 500; *Kelly* v. *Murphy,* 70 Cal. 560; *Bunting* v. *Saltz,* 84 Cal. 168; *Bullis* v. *Montgomery,* 50 N. Y. 354.) The mortgage was not valid because the property attached could not be mortgaged under the statute.   (Civ. Code, sec. 2955; Jones on Chattel Mortgages, sec. 122; *Stringer* v. *Davis,* 30 Cal. 318; *Gassner* v. *Patterson,* 23 Cal. 299; *Dufficy* v. *Shields,* 63 Cal. 332; *Palmer* v. *Howard,* 72 Cal. 293; 1 Am. St. Rep. 60; *In re Fischer,* 94 Cal. 523.)   Taking of possession could not cure the failure to record, which rendered the mortgage void.   (Civ. Code, sec. 2957; *Gassner* v. *Patterson,* 23 Cal. 299.)   The assignee for benefit of creditors took the property in trust for all the creditors.   (Civ. Code, secs. 3449, 3457, 3473; *Beamer* v. *Freeman,* 84 Cal. 554; *Walton* v. *Eby,* 53 Kan. 257.)   The mortgage was void at the time of the assignment, and the rights of creditors then intervened. (Civ. Code, secs. 3440, 3449; *Brown* v. *Bank of Napa,* 77 Cal. 544.)

SEARLS, C.—This is an action for the specific recovery of certain personal property, to wit: a steam-boiler, engine, washing-machine, and other articles used in a steam laundry, by plaintiff, as a mortgagee under a chattel mortgage, against the defendant, who justified his seizure and taking thereof as a constable under a writ of attachment issued in an action against the mortgagors and their assigns.

Defendant had judgment.   Plaintiff prosecutes this appeal from the judgment and from an order denying his motion for a new trial.

On the fifteenth day of August, 1893, John W. Mussel-
man, Ed M. Doyle, Charles A. Cronan, and Marvin P.
Elmore were copartners in conducting the laundry busi-
ness in the city of Los Angeles, under the firm name of
the " Peerless Steam Laundry."

On the day last mentioned they executed and deliv-
ered to Thomas K. Adlard, the plaintiff herein, a chattel
mortgage upon the boiler, engine, washing-machine and
other machines and appliances in the laundry to secure
the payment of three promissory notes of even date
with the mortgage, aggregating five hundred dollars
(and being given in part payment of the purchase price
of said laundry), and payable at three, six, and nine
months, with interest at seven per cent per annum.

The mortgage was executed by the mortgagors in
their individual names and not in the firm name, was
accompanied by an affidavit in due form by the mort-
gagors and mortgagee, as required by the first sub-
division of section 2957 of the Civil Code, but was not
acknowledged, proved, or certified as required by the
second subdivision of said section or otherwise.    It was
recorded.

The first of said notes, being for one hundred and
fifty dollars, fell due November 15, 1893, and was not
paid.   The mortgage provided that upon failure to make
any payment as in said promissory note provided, that
the mortgagee may take possession of the said property,
using all necessary force to do so, and may immediately
proceed to sell, etc.

The mortgagors continued in possession of the prop-
erty until October 3, 1893, when Musselman and Elmore
sold their interests therein to one R. Breese, who, to the
extent of the interest by him purchased, assumed and
agreed to pay the mortgage.   Thereafter Breese, Doyle,
and Cronan conducted the business under the firm name
of the Peerless Steam Laundry until October 19, 1893,
when Breese purchased the interests of Doyle and Cro-
man in the property, and assumed the payment of the
mortgage.            *

Breese did not pay Doyle and Croman, and they remained in possession, and the business was continued as before until November 13, 1893, when Breese, Doyle, and Croman made an assignment of the property for the benefit of their creditors to one J. B. Watkins, under and by virtue of the provisions of title 3, division 4, of part 2 of the Civil Code of California, etc. Watkins, as assignee, entered into possession of the property.

On the 11th of January, 1894, plaintiff herein, through his agent, Henry P. Wilson, demanded possession of the mortgaged property as per the condition mentioned therein, said property being at the time in the laundry building in which business had been previously conducted. There was at the time no one upon the premises, the building being locked and the key thereof in the possession of Watkins.

The court finds that upon demand being made Watkins delivered the key to Wilson, who thereupon posted a notice on the building to the effect that plaintiff was in possession of the property therein contained.

The court further finds as follows: "That neither said Watkins or Wilson, at the time of the delivery of said key as aforesaid, were at or near the place where said property was located, nor did they, or either of them, ever go on said premises and examine the same, nor was any one ever put in possession thereof, nor was any other possession thereof ever taken by said Adlard or Wilson than by said Wilson as hereinbefore found."

This finding is assailed by the appellant as not being supported by the testimony, and as being against the testimony, and is the foundation of the principal contention in the cause.

On the following day, viz., January 12, 1894, the defendant, as constable, attached the property, except the engine and boiler, in due form in an action against the laundry firm in favor of the "Los Angeles Oil Burning and Supply Company." No question is made as to the regularity of the attachment.

Plaintiff demanded possession, etc., which was refused, whereupon this action was brought.

By section 2957 of the Civil Code, "a mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith and for value, unless" accompanied by the affidavit provided for in the same section, and acknowledged, proved, certified, and recorded in like manner as grants of real property.

The mortgage here was defective as a chattel mortgage in not being acknowledged or proved and certified as in the section provided.

It has been held that the mortgage is good between the parties and those having notice, though it does not strictly conform to the statute. (*Hackett* v. *Manlove*, 14 Cal. 85; *Harms* v. *Silva*, 91 Cal. 636.)

We shall assume that, as against the attaching creditor of the mortgagors, the mortgage was void, unless plaintiff had reduced the property to possession.

This brings us to a consideration of the sufficiency of the evidence to support finding No. 11, hereinbefore quoted.

The eleventh finding coupled with those preceding it embodies substantially the facts as stated by the witnesses, with the exception of the statement in said finding that "nor did they, or either of them, ever go on said premises and examine the same, nor was any one ever put in possession thereof."

The uncontradicted evidence shows that Wilson, upon receiving the key, went to the premises, locked the door, and posted the notice as found by the court. He states that he thinks he went into the building, but of that he was not certain.

We may presume that the court below found against this statement, in which event the finding that the parties did not "go on said premises and examine the same" may be supported. So, too, the expression "nor was any one ever put in possession thereof," in view of the previous finding, was no doubt meant to indicate

that no keeper or other person was left in charge of the property.

This view is strengthened by what follows, viz: "Nor was any other possession thereof ever taken by said Adlard or Wilson, than by said Wilson as hereinbefore found."

After all is said, however, the fact remains that the findings are as to evidentiary facts rather than as to the ultimate fact, unless, indeed, the eleventh finding is to be treated as one of an ultimate fact. If so treated it is not warranted by the evidence.

That the parties intended the acts to constitute a delivery of possession is apparent. When Wilson demanded a delivery, Watkins asked for time to consult his attorney, and, upon being advised that he should make delivery, he consented so to do, and delivered the key to the building to Wilson, who locked it up, and posted the notice as aforesaid.

This was a sufficient delivery. Parsons says: "The delivery may be symbolical, or of a part for the whole; and a delivery of the key, the property being locked up, is so far a delivery of the goods that it will support an action of trespass against a subsequent purchaser who gets possession of them." (1 Parsons on Contracts, 531.)

This doctrine is elementary. The articles were, some of them at least, ponderous articles, incapable of manual delivery, and, as to such, a symbolical delivery has always been regarded as sufficient.

We think the finding indicated is erroneous, and not in consonance with the uncontradicted evidence in the case.

The fifth conclusion of law is erroneous. It is as follows: "That the possession of the property in said chattel mortgage described by said Watkins was in trust for the benefit of all the creditors of said assignors, and without the assent of such creditors he had no authority to transfer the same, or any portion thereof, either to the payment of, or as security for the payment of, the debt owing plaintiff herein, and that therefore the de-

livery of said key to said Wilson, and the subsequent action of said Wilson, did not vest the possession of said property in the plaintiff herein."

The error in this conclusion is in supposing that any question arises in the case as between plaintiff and the creditors under the assignment who were represented by Watkins, their assignee. They are not parties to this action.

Defendant does not justify under them, but under the plaintiff in the attachment suit, who is apparently pursuing its remedy, not under the assignment, but in opposition to it.

Plaintiff's mortgage was valid as between himself and the mortgagors. It provided for possession by the former upon nonpayment. Default was made and he took possession. As against attaching creditors such possession was valid.

Defendant is here justifying by virtue of an attachment sued out by a creditor, and has no rights in the matter unless he acquired them by virtue of such attachment. (See *Harms* v. *Silva*, 91 Cal. 640.)

It will be time enough to vindicate the rights of the creditors under the assignment, as against the plaintiff, if any rights they have, when they become parties to an action involving such rights.

The judgment and order appealed from should be reversed and a new trial had.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and a new trial granted.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.