THE PEOPLE OF THE STATE OF NEW YORK ex rel. OAK-LAWN CORPORATION, Appellant, *v.* JAMES A. DONEGAN, Register of the County of New York, Respondent.

**Real property — mandamus — right of grantee to have deed recorded although not properly acknowledged by one of several grantors.**

As to a grantor whose acknowledgment is defective the record of the conveyance is not notice to subsequent purchasers, but where a deed executed by several grantors was properly acknowledged as required by law by all but one of the number, the grantee is entitled to a writ of mandamus directing the register of the county in which the property is situated to record such deed as a conveyance of the grantors who have properly acknowledged the deed. The register should not be compelled, however, to index the conveyance against the grantor whose acknowledgment is not in proper form. (Real Property Law [Cons. Laws, ch. 50], §§ 291, 311, 312.)

*People ex. rel. Oaklawn Corporation* v. *Donegan*, 184 App. Div. 763, reversed.

(Argued February 26, 1919; decided March 18, 1919.

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 8, 1918, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus to compel the defendant to record a certain deed.

The respondent refused to record the deed upon the ground that it was not properly acknowledged.

The deed purported to be made by four grantors. It was duly acknowledged within the state by three of the grantors but the fourth had acknowledged the instrument before a notary public in the county of Berkshire, state of Massachusetts. This latter acknowledgment was not authenticated by the certificate of the clerk of Berkshire county or other proper officer as required by the Real Property Law.

The Special Term denied the application for a mandamus and that determination has been unanimously affirmed by the Appellate Division. The Appellate Division granted permission to the relator to appeal to this court.

*Harold Swain* for appellant. Under the plain language of the statute, the deed in question, considered as a valid conveyance from the first three grantors, is entitled to record. (Cons. Laws, ch. .50, § 291; *Wood* v. *Chapin,* 13 N. Y. 509; *Fryer* v. *Rockefeller,* 63 N. Y. 268; *Strough* v. *Wilder,* 119 N. Y. 530; *Bradley* v. *Walker,* 138 N. Y. 291.)

*William P. Burr, Corporation Counsel (Terence Farley* and *Walter B. Caughlan* of counsel), for respondent. When a certificate of acknowledgment is made by an officer, outside of the state, it is necessary, in order to entitle the instrument to be recorded, that the certificate of acknowledgment be properly authenticated. (*Smith* v. *Smeltzer,* 1 Hilt. 287; *Goddard* v. *Schmoll,* 24 Misc. Rep. 381.) Where a certificate of authentication is required, its omission renders a deed ineffective as a conveyance of a marketable title. (*Williamson* v. *Banning,* 86 Hun, 203; *Freedman* v. *Oppenheim,* 80 App. Div. 487; *Irving* v. *Campbell,* 121 N. Y. 353; *Dingley* v. *Barr,* 130 N. Y. 607; *Irving* v. *Campbell,* 121 N. Y. 353.)

CUDDEBACK, J. Section 291 of the Real Property Law (Cons. Laws, ch. 50) provides that a conveyance may be

recorded on being duly acknowledged by *the person* executing the same. Sections 311 and 312 provide that the acknowledgment is not sufficient where it is taken by the officer of another state, unless it is authenticated by the certificate prescribed by the statute as to the authority of the officer taking the acknowledgment, and the genuineness of his signature.

The conveyance presented by the relator was not precisely within the law inasmuch as it lacked the authenticated acknowledgment of one of the four grantors. But I think it came within the spirit of the statute.

As to the grantor whose acknowledgment was defective, the record would not be notice to subsequent purchasers of the conveyance (*Bradley* v. *Walker*, 138 N. Y. 291), and if that person had been the sole grantor, the deed could not have been lawfully recorded. (Penal Law, § 1862.)

But, confessedly, three of the four grantors properly acknowledged the deed and it was entitled to be recorded as against them. Some times it may happen that the vendee of land may be compelled in making the title to rely in part upon a deed in which all the vendor owners are named as grantors but which some of them do not sign or acknowledge. May not the vendee in such case regard the names of those who do not sign or acknowledge as surplusage, and hold the deed sufficient for recording as to the others?

In the present case, according to the opinion of the court at Special Term, the register was willing to record the deed if the name and signature of the grantor whose acknowledgment was defective were erased. The relator was not obliged thus to alter or mutilate the instrument with the risk of invalidating it altogether.

One object of the Recording Act is to preserve the evidence of real estate conveyances. To that extent, the relator was entitled in this case to the benefits that accrue from the law.

Our attention is not called to any contrary authority, and I think the better view is that the deed in this case should be regarded as the conveyance of the grantors who properly acknowledged the same and should be recorded. The register should not, however, be compelled to index the conveyance against the grantor whose acknowledgment is not in proper form.

I recommend that the orders appealed from be reversed and the issuance of a writ of mandamus directed, but inasmuch as the question is novel and the register acted in good faith, I think the reversal should be without costs.

HISCOCK, Ch. J., CHASE, COLLIN, MCLAUGHLIN and CRANE, JJ., concur; HOGAN, J., concurs in result.

Orders reversed, etc.