[Civ. No. 2562. Third Appellate District.—December 15, 1922.]

T. W. BELL et al., Respondents. v. MRS. M. G. SAGE et al., Appellants.

[1] CHATTEL MORTGAGE—AFFIDAVIT—ACKNOWLEDGMENT.—The making of an affidavit by all the parties to a chattel mortgage that it "is made in good faith, and without any design to hinder, delay or defraud creditors," as required by subdivision 1 of section 2957 of the Civil Code, does not constitute a due acknowledgment thereof, as required by subdivision 2 of said section, so that, when recorded, third parties will be charged with constructive notice of such mortgage.

[2] ID.—EXECUTION BY SEVERAL MORTGAGORS—ACKNOWLEDGMENT BY ONE—CONSTRUCTIVE NOTICE.—A chattel mortgage, which is executed by several mortgagors and which is accompanied by a proper affidavit signed by all the parties, though acknowledged by one of the mortgagors and recorded, is not constructive notice to a purchaser of a part of the mortgaged property from one of the mortgagors who was the sole owner thereof, but who had not acknowledged the mortgage.

APPEAL from a judgment of the Superior Court of Sacramento County. Charles O. Busick, Judge. Reversed.

The facts are stated in the opinion of the court.

C. F. Metteer for Appellants.

Fred J. Harris and Thomas B. Leeper for Respondents.

FINCH, P. J.—The defendants Newman and Rumsey appeal from that part of the judgment of foreclosure of a chattel mortgage entered herein which directs them to surrender possession of an automobile truck and orders the same to be sold.

The chattel mortgage covered the truck and other personal property. At the time the mortgage was executed the defendant Myron E. Sage was the sole owner of the truck. He and Mrs. M. G. Wilson joined in the execution of the mortgage. All the parties to the mortgage made the affidavit required by section 2957 of the Civil Code. Mrs. Wilson duly acknowledged her execution of the mortgage

and the same was recorded. Sage did not acknowledge the execution of the instrument. Thereafter Sage sold the truck to appellants. The court found that appellants purchased the truck for value and without actual notice of the mortgage but that they had "constructive notice thereof by reason of said mortgage being recorded." The facts are undisputed and the only question presented by the appeal is whether appellants were charged with constructive notice of the mortgage.

[1] The affidavit accompanying the mortgage recites that the parties (naming them), "each being duly sworn, each for himself, doth depose and says: That the aforesaid mortgage is made in good faith, and without any design to hinder, delay or defraud any creditor or creditors," and is signed by all of the parties, including Sage. Respondents contend that this is a sufficient acknowledgment by Sage to entitle the mortgage to be recorded. Section 2957 of the Civil Code provides: "A mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith and for value, unless: 1. It is accompanied by the affidavit of all the parties thereto that it is made in good faith and without any design to hinder, delay, or defraud creditors; 2. It is acknowledged or proved, certified, and recorded in like manner as grants of real property." The affidavit in this case was drafted in strict compliance with the first requirement of section 2957 and contains nothing which is not thereby required. To hold that such an affidavit constitutes a due acknowledgment would be to ignore the second and additional requirement of the statute that the mortgage must be acknowledged or proved and certified. Clearly, Sage's affidavit was not an acknowledgment of his execution of the mortgage. (*Adlard* v. *Rodgers*, 105 Cal. 327, 332 [38 Pac. 889]; *Talcott* v. *Hurlbert*, 143 Cal. 4, 6 [76 Pac. 647].)

[2] Respondents maintain that since the mortgage was properly recorded by reason of Mrs. Wilson's acknowledgment, the effect was to give constructive notice of its execution by Sage, citing 1 C. J. 779; *Shaw* v. *Poor*, 23 Mass. (6 Pick.) 86 [17 Am. Dec. 347], and *Palmer* v. *Paine*, 75 Mass. (9 Gray) 56. In *Shaw* v. *Poor*, decided in 1827, the instrument there considered was acknowledged by but one of two grantors and was recorded. The court held that the

record was at least presumptive evidence of notice of the conveyance by the grantor who had not acknowledged the execution thereof. This conclusion was apparently based upon the presumption that anyone would examine the records before purchasing real estate and that the record of the defectively acknowledged deed, if read, would constitute actual notice. The reading of the record of an instrument by an intending purchaser is actual notice to him, whether it is lawfully of record or not. (*Parkside Realty Co.* v. *McDonald*, 166 Cal. 426, 431 [137 Pac. 21].) In *Palmer* v. *Paine* the court said: "The purpose of registration is notoriety, and, if it is so acknowledged by any one party to it, it is rightly registered, and then it is regarded as constructive notice to all the world as the deed of all other parties, as if acknowledged by them." In that case, however, the controversy was between the parties to the instrument and the court said: "Registration is not necessary to pass title; as between the parties, the title passes by the deed." The statutes of Massachusetts now provide that "the acknowledgment of a deed shall be by the grantors or one of them." (*Hayden* v. *Peirce*, 165 Mass. 359 [43 N. E. 119].) Several other states have enacted similar statutes, and decisions based on such statutes are not authority here where no such provision exists.

In Webb on Record Titles, section 58, in commenting on the decision in *Shaw* v. *Poor*, it is said: "Acknowledgment is in truth a matter of but little consequence, and could, by statute, be properly dispensed with entirely; but so long as its requirement is retained, the courts should be consistent in their construction of the law; and this decision is not in harmony with the well-established judicial construction of the registry acts. . . . The theory on which one is charged with constructive notice of a recorded deed of which he has no actual knowledge whatever, is that the law of record has been fully complied with, in matters of form as well as substance, as it is by force of the law alone that the notice arises. That the record of a deed from A to B should be held constructive notice of a conveyance of a separate tract or parcel by C to B . . . because this matter is also embraced in the instrument, does violence to the settled rules of interpretation which the courts have almost uniformly applied to the registration law." The question un-

der consideration seems never to have been decided in this state, although it has been held that the record of an instrument acknowledged by only one of the persons executing it is constructive notice to subsequent purchasers from the one so acknowledging. (*Spect* v. *Gregg,* 51 Cal. 198; *Fresno Canal etc. Co.* v. *Rowell,* 80 Cal. 114 [13 Am. St. Rep. 112, 22 Pac. 53].)

Section 1161 of the Civil Code provides: "Before an instrument can be recorded, . . . its execution must be acknowledged by the person executing it." Of course, the singular includes the plural, and where there are several grantors the acknowledgment of one of them is effective only as to his own grant and not as to those of the other grantors, in the absence of special statutory provision, and the record thereof is constructive notice only of the conveyance of the one who made the acknowledgment. (Webb on Record Titles, sec. 58.) All of the decisions cited or discovered, with the exception of the early Masssachusetts cases, support the rule as stated by the author. The statute of Illinois relating to chattel mortgages provides that "such instruments shall be acknowledged before a justice of the peace or the county judge where the mortgagor resides." In *Snite* v. *Gehrke,* 189 Ill. App. 382, the court held that "where a chattel mortgage is not acknowledged by one of the mortgagors, it will not be effective as against the claim of a third party." In *People* v. *Donegan,* 226 N. Y. 84 [123 N. E. 71], four persons executed a deed and all acknowledged it, but the acknowledgment of one of them was defective. The law provided that "a conveyance may be recorded on being duly acknowledged by the person executing the same." The court said: "As to the grantor whose acknowledgment was defective, the record would not be notice to subsequent purchasers." In *Lancaster* v. *Flowers,* 198 Pa. St. 614 [48 Atl. 896], it was held that "a deed by W. and wife of his property, acknowledged by her, but not shown by it to have been acknowledged by him, is not good as against a subsequent purchaser for value, without notice." In *Hall* v. *Redson,* 10 Mich. 21, in construing a statute requiring two witnesses to the execution of a deed to entitle it to record, the court said: "We are all of opinion . . . that when a deed from several grantors is recorded, as to only a part of whom it is prop-

erly executed and witnessed, the record can only be evidence of the deed as to those parties by whom it has been properly executed, and whose execution of it has been duly witnessed so as to entitle it to record had they been the only grantors named. In other words, a defective execution or attestation as to one grantor, cannot be aided by a perfect execution and attestation as to other parties. To hold otherwise would be to defeat the manifest object of the registry laws, and to open a wide door to fraud." (See, also, *Bradley* v. *Walker,* 17 N. Y. Supp. 383, 138 N. Y. 291 [33 N. E. 1079]; *Coal Creek Min. Co.* v. *Heck,* 83 Tenn. (15 Lea) 497; *Duke* v. *Markham,* 105 N. C. 131 [18 Am. St. Rep. 889, 10 S. E. 1017], and *Sanders* v. *Pepoon,* 4 Fla. 465.) While the decisions bearing directly upon the question under consideration are not numerous and text-writers have generally omitted the discussion thereof, it is believed that the conclusion reached is supported by both reason and the weight of authority. In the absence of statutory provision, the record of a chattel mortgage would not constitute notice for any purpose. When the terms of the statute are complied with, the record becomes conclusive notice, often contrary to the fact. Where a mortgagee claims the benefit of such conclusive presumption which the law creates in his behalf, it is not unreasonable to hold him to a substantial compliance with the law which he invokes.

The part of the judgment appealed from is reversed, with directions to the trial court to enter judgment on the findings in favor of appellants, adjudging that the title to said automobile truck is vested in them free and clear of all claims, liens, and encumbrances in favor of the plaintiffs by reason of said chattel mortgage.

Hart, J., and Burnett, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 13, 1923, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 13, 1923.

All the Justices concurred.