[Civ. No. 5118. First Appellate District, Division One.—June 2, 1925.]

## J. B. WEATHERBEE, Appellant v. FRED SINN et al., Respondents.

[1] VENDOR AND VENDEE—TIME OF ESSENCE—WAIVER OF DEFAULT—SUBSEQUENT NOTICE.—Where time is originally of the essence of a contract for the sale of property and defaults are subsequently waived, time ceases to be essential and does not become material thereafter until the vendor again makes it essential by a proper notice and demand.

[2] ID.—ACCEPTANCE OF PAST DUE PAYMENTS—WAIVER OF PAST DEFAULTS—REASONABLE TIME TO PERFORM.—The acceptance by the vendor of past due payments waives all past defaults in performance, but does not alter the terms of the contract with regard to the future or eliminate as to future occurrences provisions that time is of its essence, that if the vendee fails to comply with its terms the vendor shall be released from all obligation to convey, and that payments already made shall be forfeited by such failure; its only effect as to the future is to give the vendee a reasonable time after the payment within which to perform his part of the contract.

[3] ID.—REASONABLE TIME—QUESTION OF FACT.—In such a case the question as to what is a reasonable time for performance after waiver of default on the part of the vendee depends upon the circumstances of each particular case, and is primarily a question of fact for the determination of the trial court.

---

1. Necessity and effect of notice of rescission for default as to time for performance when time fixed in contract has been waived, note, 4 A. L. R. 822. See, also, 25 Cal. Jur. 618; 27 R. C. L. 453.

2. See 25 Cal. Jur. 614.

[4] ID.—INSUFFICIENT NOTICE OF DEFAULT—DISMISSAL OF ACTION AS TO VENDOR—SUBSEQUENT GRANTEE WITHOUT NOTICE.—Assuming that the notice of default given by the vendor to the vendee is insufficient as being unreasonable as to time, that fact will not benefit the vendee in an action by him against the vendor and against a subsequent grantee of the property from the vendor, where the summons is never served upon the vendor, which alone received all the payments made, and the action is dismissed as to it, and the trial court finds that said subsequent grantee from the vendor had no notice whatever of the rights of the vendee.

[5] ID. — ACKNOWLEDGMENT BY VENDEE ONLY — RECORDATION — CONSTRUCTIVE NOTICE.—An acknowledgment by the vendee alone of a contract for the purchase of real property, followed by the recordation of the contract, is insufficient to give the successors of the vendor the constructive notice which would otherwise result from the recordation thereof after proper acknowledgment by the vendor.

[6] ID.—EQUITY—APPLICATION OF PAYMENTS AS RENTAL.—In an action in two counts, one to quiet title to an interest in real property and the other to recover the amount paid by plaintiffs as vendees under a contract for the purchase of said property, there is no merit in the contention that the equities are with plaintiffs, where the evidence shows that plaintiffs paid some six hundred dollars under the contract, that the premises were improved, that plaintiffs had been in possession for a period of over five years and the total sum they paid amounted to a very small monthly rental which the contract provided the payments made should be applied to in the event of default, and after receiving their notice they made no attempt to comply with the contract until several months thereafter.

(1) 39 Cyc., p. 1611, n. 86 New.  (2) 39 Cyc., p. 1610, n. 80, p. 1611, n. 85, 86 New.  (3) 39 Cyc., p. 2069, n. 10 New.  (4) 39 Cyc., p. 1685, n. 1 New.  (5) 39 Cyc., p. 1734, n. 37.  (6) 39 Cyc., p. 1685, n. 1 New.

APPEAL from a judgment of the Superior Court of Fresno County. J. E. Woolley, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. M. Drew for Appellant.

Frank Kauke for Respondents.

5. See 22 Cal. Jur. 603.

TYLER, P. J.—Action to quiet title to certain lands.

The complaint contains two counts—the first being one to quiet title, the other to recover the sum of $600, as money paid on the contract to purchase certain real property. The facts are as follows: On or about the twelfth day of June, 1916, Ewing, McDaniel & Meux, a corporation, entered into an agreement with A. P. Weatherbee and R. S. Weatherbee, assignors of plaintiff herein, for the sale and purchase of an acre of land described as Lot 6 of Woodrow Acres, Fresno County, California. The corporation agreed to sell, and the Weatherbees agreed to buy the land and improvements thereon for the sum of $1,250. The contract required the payment of twenty five dollars upon the execution of the instrument, and the balance of the purchase price at the rate of fifteen dollars per month, payments to first apply upon interest and the balance upon principal; it also required the vendees to pay all taxes and assessments which might become due upon the property from the date thereof. It contained a provision that in the event of failure on the part of the vendees to comply with its terms, the vendor could be released from all obligations in law and equity to convey the property, the vendees to waive all rights thereunder, and all money paid thereon to be considered as liquidated damages for the nonfulfillment thereof, the moneys received by the vendor to be applied as a reasonable rental for the use and occupancy of the said premises.

Time was declared to be of the essence of the contract. The vendees went into possession and payments were made by them at irregular intervals, the last being on May 16, 1921. At this time the Weatherbees were delinquent in an amount of $242.60, and after application of the payments to the interest, the unpaid portion of the principal was the sum of $1,001.68 or thereabout, and none of the taxes for the year 1921 were paid by the vendees. On August 26, 1921, and after the vendees had been in actual occupancy of the premises for a period of over five years, and about the time they had abandoned their possession, a communication was sent to each of them by the company notifying them of their noncompliance with the terms of the contract. This notice demanded the payment of the amount of which the vendees were in default by September 1st following, and advised

them that unless the amount was then paid, the company would declare the contract terminated and all rights thereunder forfeited. In reply to this communication R. S. Weatherbee telegraphed the company asking for time to comply with the terms of the demand. No further action in this connection was had between the parties except that plaintiff made a tender some several months thereafter, a matter hereinafter referred to, and the vendees having failed to make the payment, the corporation on October 4, 1921, conveyed the title of the property to defendant J. F. Ewing. A few days later and on October 15, 1921, Ewing and his wife sold the same to one A. D. Becker, who assigned his interest to defendant Sinn, and he subsequently received a deed from the Ewings on December 18, 1921. At the time of these later transactions in relation to the sale of the property the original agreement between the corporation and the Weatherbees was of record, but its execution was never acknowledged by the vendor corporation. On December 12, 1921, when the purchasers were some seven months in default under the agreement, and some three and one-half months prior to the conveyance of Ewing to Sinn, A. P. Weatherbee and R. S. Weatherbee by J. B. Weatherbee, plaintiff herein, tendered J. F. Ewing, without knowledge of the sale to Becker, the sum of $310 in cash, being the amount of the principal and interest due up to that time on the original contract. Ewing refused to accept. An attempt was made at the trial to prove that this tender was not made in good faith, but on the contrary that it was made for the sole purpose of laying a foundation for the present action. No finding, however, was made upon this subject.

In the prayer of the amended complaint, plaintiff had asked that he be decreed to be the owner of an equitable interest in the premises and that his title to the land be quieted, and on his second cause of action that he be repaid the sum of $637.50 for money paid by his predecessor in interest to the said defendants Ewing, McDaniel & Meux, Inc., and to J. F. Ewing, and for the further sum of $500 damages for breach of contract. Defendants Fred Sinn, J. F. Ewing and Ada Ewing, answered the complaint setting forth that by reason of the default on the part of the vendees, the contract of sale had been terminated, and

defendant Fred Sinn by cross-complaint, asked that his title to the property be quieted as against the plaintiff.

No service of summons was ever made upon the defendant Ewing, McDaniel & Muex, Inc., nor was any appearance made by the corporation and as to it the action was dismissed.

Under the facts as above narrated the court found in effect among other things that plaintiff did not have any title or interest in an equity in the property. It further found that plaintiff's assignors were in default in the payment of installments due under the contract and that they had forfeited all their rights thereunder. Additional findings were to the effect that at the time defendant Sinn took his conveyance he had no notice or knowledge of the contract of the Weatherbees nor of any claim by them to the property, or by any person claiming under them.

The findings being in favor of defendants and cross-complainant, the court rendered judgment to the effect that the action be dismissed as to the corporation (it never having been served) and that plaintiff take nothing and that the title to the defendant Fred Sinn, be quieted in the property as against plaintiff.

It is here claimed that the evidence fails to support the findings and the notice attempting to terminate the contract between the corporation and the Weatherbees is insufficient in form and effect to support the finding that the contract was terminated for the reason that it was inadequate, and unreasonable in length of time of service. In support of this contention it is argued that where time is made of the essence of the contract with references to payments under contracts of the character here involved, and this covenant has been waived by the acceptance of money after it is due, such conduct will be regarded as creating such a temporary suspension of the right of forfeiture as can only be restored by giving a definite and specific notice of an intention to enforce it.

[1] It is true that where time is originally of the essence of a contract and defaults have been subsequently waived, time ceases to be essential and becomes only material thereafter until the vendor again makes it essential by a proper notice on demand. (*Boone* v. *Templeton,* 158 Cal. 290 [139

Am. St. Rep. 126, 110 Pac. 947]; *Stevenson* v. *Joy,* 164 Cal. 279 [128 Pac. 751].)

[2] The acceptance by the vendor of past due payments waives all past defaults in performance, but does not alter the terms of the contract with regard to the future or eliminate as to future occurrences provisions that time is of its essence, that if the vendee fails to comply with its terms the vendor shall be released from all obligation to convey, and that payments already made shall be forfeited by such failure; its only effect as to the future is to give the vendee a reasonable time after the payment within which to perform his part of the contract. (*Hoppin* v. *Munsey,* 185 Cal. 678 [198 Pac. 398].)

[3] In such a case the question as to what is a reasonable time for performance after waiver of default on the part of the vendee depends upon the circumstance of each particular case, and is primarily a question of fact for the determination of the trial court. (*Idem.*)

[4] Even if we assume that the notice here involved was insufficient as being unreasonable as to time, still we fail to see how plaintiff is in any manner benefited thereby. The corporation alone received all the payments that had been made under the contract, but it was never served and the action against it was dismissed, and it is in no manner affected by the judgment.

The trial court found that defendant Sinn had no notice whatever of the rights of the Weatherbees in the property.

[5] True it appeared that they had placed their agreement upon record, but its execution had never been acknowledged by the vendor corporation and it constituted therefore no constructive notice to anyone claiming under the vendor.

An acknowledgment by the vendees alone under a contract of purchase of real property is insufficient to give the successors of the vendor the constructive notice which would otherwise result from the recordation thereof after proper acknowledgment by the vendor. (*Keese* v. *Beardsley,* 190 Cal. 465 [26 A. L. R. 1538, 213 Pac. 500]; *Bell* v. *Sage,* 60 Cal. App. 149 [212 Pac. 404].)

We are of the opinion therefore that the finding that defendant Sinn had no notice of the rights of plaintiff's

assignors is conclusive against plaintiff herein, and is decisive of the case.

[6] The point is stressed that all the equities are with plaintiff, reference being made to the fact that some $600 had been paid under the contract, which sum was forfeited by the judgment. The equities are certainly not with the plaintiff. Plaintiff's assignors had been in possession and lived upon the premises, which were improved, for a period of over five years and the total sum they paid amounted to a very small monthly rental which the contract provided the payments made should be applied to in the event of a default. After receiving their notice they made no attempt to comply with the contract until several months thereafter. However this may be, as above stated, we are of the opinion that the finding that defendant Sinn had no notice of the rights of plaintiff or his assignors is conclusive so far as the plaintiff is concerned and whatever rights he may have, if any, are against the corporation and not against the defendants.

The judgment is affirmed.

Cashin, J., and Knight, J., concurred.